# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEVIN D. WILLIAMS,

                  Plaintiff,

v.

JORDAN COOPER, OFFICER LAZARIS, and OFFICER SCHENK,

                  Defendants.

Case No. 24-CV-768-JPS

**ORDER**

Plaintiff Devin D. Williams, an inmate confined at the Milwaukee Secure Detention Facility ("MSDF"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On July 24, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $79.82. ECF No. 6. Plaintiff paid that fee on August 6, 2024. The Court will grant Plaintiff's motion for leave to proceed without prepaying

the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

On February 2, 2024, Defendant Officer Jordan Cooper ("Cooper") of the West Allis Police Department pulled Plaintiff over after parking at a residence in West Allis. ECF No. 1 at 2. Cooper said that Plaintiff was avoiding him by pulling over. *Id.* Plaintiff's friend stayed at the address where Cooper pulled him over. *Id.* During the stop, Cooper saw a bag of marijuana and asked to see Plaintiff's driver's license. *Id.* Cooper saw Plaintiff's hand shaking but he did not ask why. *Id.* Cooper assumed that Plaintiff was afraid or hiding something, but Plaintiff has a medical condition that makes his body shake constantly. *Id.* Cooper wanted to do a strip search with no probable cause to arrest Plaintiff.

Plaintiff was arrested along with two other occupants in the car. *Id.* at 3. However, Plaintiff was the only one subjected to a strip search. *Id.* Plaintiff initially refused the strip search, but at some point, complied. Defendant Officers Lazaris ("Lazaris") and Schenk ("Schenk") assisted Cooper with a body cavity search of Plaintiff's anus. *Id.* Plaintiff again refused. *Id.* One of the officers opened the door so that the others could look at Plaintiff naked. *Id.* This action was done to humiliate Plaintiff. *Id.* The officer stated that he cracked open the door, but he gave no valid reason. *Id.*

Plaintiff believes that because marijuana is decriminalized, he should only have been given a ticket. *Id.* Plaintiff maintains that the officers' actions during the strip search could be considered sexual assault. *Id.*

Page 3 of 9
Case 2:24-cv-00768-JPS    Filed 10/17/24    Page 3 of 9    Document 7

### 2.3 Analysis

First, the Court will allow Plaintiff to proceed on a Fourth Amendment claim for his illegal seizure. The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend IV. Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a seizure under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996). The Fourth Amendment permits brief traffic stops if an officer has a "reasonable suspicion" of a traffic violation. *United States v. Cole*, 21 F.4th 421, 427 (7th Cir. 2021). "A detour that prolongs the stop violates the Fourth Amendment unless the officer has reasonable suspicion of other criminal activity to independently justify prolonging the stop." *Id.* at 428.

Here, Plaintiff alleges that Cooper pulled him over in his vehicle for simply parking on the street near a friend's residence. At the screening stage, the Court finds that Plaintiff has sufficiently stated a Fourth Amendment claim against Cooper for illegal seizure.

Second, the Court will not allow Plaintiff to proceed on a claim for his subsequent arrest. Plaintiff alleges that Cooper saw a bag of marijuana in plain view during the stop. "A warrantless arrest is constitutionally permissible if supported by probable cause." *United States v. Sands*, 815 F.3d 1057, 1061–62 (7th Cir. 2015). Probable cause for an arrest exists if the totality of the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, [to] believ[e], in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). Plaintiff believes marijuana is legal in the state of

Wisconsin; however, he is incorrect. *See United States v. Paige*, 870 F.3d 693, 700 (7th Cir. 2017). The Seventh Circuit has clarified that, despite its evolving legal status, it was "undisputed that marijuana possession remains a crime in Wisconsin." *Id.* (citing Wis. Stat. § 961.41(3g)(e)). Given Plaintiff's admission that the marijuana was in plain view during the stop, the Court concludes that Cooper had probable cause to arrest Plaintiff for marijuana possession. *See id.*

Third, the Court will allow Plaintiff to proceed on his illegal strip search claim. If an officer has probable cause to arrest, he or she also may conduct a search incident to that lawful arrest without any additional justification. *Id.* (citing *United States v. Robinson*, 414 U.S. 218, 235 (1973)). However, an otherwise permissible search may still violate the constitution when it is performed unreasonably. *See Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020). "The Fourth Amendment thus protects prisoners from searches that may be related to or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Id.* When evaluating a prisoner's claim involving a strip search under the Fourth Amendment, a court "must assess that search for its reasonableness, considering 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" *Id.* at 779 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

Applying that standard here, the Court will allow Plaintiff to proceed on a Fourth Amendment illegal strip search claim against Cooper, Lazaris, and Schenk. Plaintiff alleges that these defendants conducted a strip search that included a body cavity search of Plaintiff's anus. Plaintiff further alleges that they held the door open to allow others to see his naked

Page 5 of 9
Case 2:24-cv-00768-JPS     Filed 10/17/24     Page 5 of 9     Document 7

body for the purpose of humiliating him. As such, the Court will allow Plaintiff to proceed on a Fourth Amendment illegal strip search claim against Cooper, Lazaris, and Schenk.

3.  **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourth Amendment illegal seizure claim against Cooper.

**Claim Two:** Fourth Amendment illegal strip search claim against Cooper, Lazaris, and Schenk.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon Defendants **Cooper, Lazaris, and Schenk** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R.

§§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants **Cooper, Lazaris, and Schenk** shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $270.18 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income

credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.